## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington, DC 20522, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the U.S. Government headquartered at 2201 C Street, N.W., Washington, DC 20520. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 13, 2021, Plaintiff sent a FOIA request to the State Department, via the State Department's online electronic FOIA submission system, seeking access to the following:

> **1. All records regarding the editing or removal from any public website of any report pertaining, in whole or in part, to any military equipment or training provided to the government of Afghanistan or any component thereof. This request includes, but is not limited to, any related directives or requests, as well as any related records of communication between any official or employee of the Department of State and any official or employee of any other branch, department, agency, or office of the Federal government.**
>
> **For purposes of clarification, please see: https://www.forbes.com/sites/adamandrzejewski/2021/08/31/biden-administration-erased-afghan-weapons-reports-from-federal-websites/?sh=1cd16c716ba0**

The time frame for the requested records was identified as "May 1, 2021 to the present."

6. By email dated September 16, 2021, the State Department acknowledged receipt of the request on September 13, 2021. Defendant's acknowledgement asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances." By same email, it assigned Plaintiff's FOIA request the reference number F-2021-10210.

7. As of the date of this Complaint, the State Department has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons

therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to make a final determination on Plaintiff's request by October 29, 2021. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

- 4 -

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 31, 2021                           Respectfully submitted,

/s/ *Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:   (202) 646-5199
Email: rcotca@judicialwatch.org

*Counsel for Plaintiff*